# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1870

_____

Robert W. Lohman, Sr.,            *
                                *
        Plaintiff-Appellant,     *
                                *
     v.                          *
                                *
Gary Kempker; Steve Long;     *   Appeal from the United States
Michael Kemna;                *   District Court for the Western
                                *   District of Missouri.
        Defendants-Appellees   *
                                *       [UNPUBLISHED]
                                *
                                *

_____

Submitted:  May 8, 2002

Filed:  May 16, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

      Robert W. Lohman, Sr. appeals the district court's dismissal of his 42 U.S.C. § 1983 claim. In 1996, Missouri changed its prisoner classification system so that any prisoner with an earlier escape from the prison perimeter or a serious escape attempt received a Level 5 classification. Because Lohman had made a serious escape attempt in 1983, he was reclassified and moved from a Level 4 facility to a

Level 5 prison. Lohman contends this reclassification violates his civil rights. The district court[*] granted Lohman permission to proceed without prepayment of fees in the district court, then dismissed Lohman's claim because it was untimely and failed to state a claim for which relief could be granted. Lohman appeals the dismissal and moves to proceed without prepayment of fees on appeal, for appointment of counsel, and for production of documents.

Because Lohman is poor and has not filed three earlier frivolous lawsuits, we grant his motion to proceed without prepayment of fees on appeal. See 28 U.S.C. § 1915. Lohman must pay the $105 appellate filing fee in installments as provided by the Prison Litigation Reform Act. 28 U.S.C. § 1915(b). Like the district court, we conclude Lohman's claim is untimely and fails to state a claim for which relief can be granted. To determine the applicable limitations period for § 1983 claims, federal courts borrow state statutes of limitations for general personal injury claims. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Missouri, the applicable limitations period for general personal injury claims is five years. Mo. Rev. Stat. § 516.120(4) (2000). Lohman's claim exceeds the applicable limitations period by six months and is thus untimely. Even if Lohman's claim was timely, it would fail because Lohman has not stated the denial of any constitutional right. Missouri may incarcerate Lohman in any penal institution it chooses, so long as it does not choose the penal institution for an unconstitutional reason. Olim v. Wakinekona, 461 U.S. 238, 248 (1983). Having concluded Lohman's claim is without merit, we dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B). We also deny Lohman's motions for appointment of counsel and for production of documents.

---

[*]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.